*Peter F. Kuntz* for the defendant.

*Robert D. Moriarty*, Assistant District Attorney, for the Commonwealth.

POLICE DEPARTMENT OF GROVELAND[1] *vs.* WILLIAM J. GALLANT. No. 09-P-1029. June 1, 2010. *Motor Vehicle,* Operation. *Evidence,* Speed of vehicle, Radar speed measuring device, Judicial discretion.

The defendant appeals from the dismissal by the District Court Appellate Division of his appeal from a judge's finding him "responsible" on a speeding citation issued by the police department of Groveland. In a hearing before a judge of the District Court, among the arguments that the defendant made contesting his responsibility for the citation was that no documentary evidence of the accuracy of a radar device had been produced to justify reliance upon it; he complains on appeal that, without adequate evidence of the reliability of the radar, the judge's finding was erroneous. We affirm.

First, while Gallant argued the reliability of the radar device, he failed to notify the judge, such as by a motion in limine, an objection, or motion to strike, that he sought to exclude the radar reading from the judge's consideration.

---

[1] Groveland police department took no part in this appeal.

By not bringing the issue to the judge's attention in one of the traditional methods that the admissibility of evidence is contested, he failed to "raise" a question of its admissibility. See *Commonwealth* v. *Whynaught*, 377 Mass. 14, 19 (1979) ("in any case where the issue is raised by the defendant, we leave it to the discretion of the trial judge to determine when a sufficient showing of the particular radar instrument's accuracy has been made"). The court in *Whynaught* instructed further "that, in any speeding case tried after the date of this opinion, where radar readings from untested equipment are admitted over objection and without independent corroborative evidence, we shall undoubtedly reverse any judgment of guilt and order that a judgment of not guilty be entered." *Id.* 20-21. Here, independent corroborative evidence was thin: operating a cruiser coming from the opposite direction, the trooper observed the defendant traveling through an intersection with a posted speed limit of twenty-five miles per hour "at a high rate of speed." Her testimony about the readings of "forty-eight, forty-seven, forty-six, forty-five miles per hour" from her "calibrated mounted radar unit" was admitted without objection, subject only to Gallant's challenge to its credibility on cross-examination, a tactic that brings into question only the weight to be given the evidence but not its admissibility. See *Abraham* v. *Woburn*, 383 Mass. 724, 726 n.1 (1981); Mass. G. Evid. § 103(a)(1) (2010). Moreover, G. L. c. 90C, § 3(A)(4), inserted by St. 1991, c. 138, § 161, requires that:

> "In any such hearing before a magistrate or justice, the citation shall be admissible and shall be prima facie evidence of the facts stated therein. Compulsory process for witnesses may be had by either party in the same manner as in criminal cases. On a showing of need in advance of such hearing, the magistrate or justice may direct that the violator be permitted to inspect specific written documents or materials in the possession of the police officer or agency concerned that are essential to the violator's defense."

Thus, any issue concerning the admissibility of the radar reading based upon claimed insufficiency of evidence of calibration of the device was waived.

Second, the officer first described the radar unit at issue as a "calibrated mounted radar unit"; later, upon cross-examination, in response to a question incorporating the three testing methods identified in *Whynaught, supra* at 18, of how a radar speedmeter might be calibrated, the officer reiterated that the radar had been calibrated, an answer that did not provoke any further questions by the defendant as to the method of calibration. This reduces the issue to one of credibility which the judge resolved against the defendant; that documentation in support of calibration was not produced is not sufficient to reverse the finding. See *Whynaught, supra* at 19 ("we expect that the testing requirements judges impose will not be so onerous as to make use of radar devices a practical impossibility. For example, the 'run through' test [one of the three] referred to [earlier in the *Whynaught* opinion,] is a simple procedure in which the test automobile's speedometer and the radar unit are mutually corroborative, although neither device may have been tested by more sophisticated methods"). See also *Commonwealth* v. *Torres*, 453 Mass. 722, 737 (2009) (concluding that judge did not abuse discretion in admitting, over objection, officer's testimony as to distance from school where officer "testified that, during the same month that the offenses were committed, he calibrated

the MeasureMaster by using it to measure a known distance, and that the device was accurate," citing *Whynaught, supra*).

Consequently, there is no merit to the defendant's contention that the judge's finding of "responsible" should be vacated.

*Order of Appellate Division affirming finding*
*of responsibility affirmed.*

The case was submitted on briefs.

*William J. Gallant*, pro se.